JENNIFER S. CLARK
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
Phone: (406) 542-8851
Email: Jennifer.Clark2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

JAN 16 2026

Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 25-43-BU-DLC |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| DANIEL ALAN VERBANEC, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Jennifer S. Clark, Assistant United States Attorney for the District of Montana, and the defendant, Daniel Alan Verbanec, and the defendant's attorney, Michael Donahoe, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other



AUSA   DEF   ATTY

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count 1 of the indictment, which charges the crime of threat to murder and assault a United States Official, in violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4). This offense carries a maximum punishment of ten years of imprisonment, a $250,000 fine and three years of supervised release, for threat to murder, and a maximum punishment of a six years of imprisonment, a $250,000 fine, and three years of supervised release for threat to assault. This offense also carries a $100 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss count 2 of the indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, count 2 of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and count 2 is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4.  **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count 1. In pleading guilty, the defendant acknowledges that:

- **First,** the defendant threatened to assault or murder a United States official;

- **Second,** the defendant did so with the intent to impede, intimidate, and interfere with such official and judge, while engaged in the performance of official duties, and with the intent to retaliate against such official and judge on account of the performance of official duties.

5.  **Waiver of Rights by Plea:**

(a)  The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)  The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)  The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent, and the Court must approve a non-jury trial.

(d)  The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to the defendant and the consequences of waiving them.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – Unconditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct

does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply, and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

9. **Detention After Plea:** The defendant will not move or argue for release pending sentencing.

10. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

11. **Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use,



in its case-in-chief, any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

12. **FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

///

///

///

///

///

///

///



AUSA   DEF   ATTY

This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

For JENNIFER S. CLARK
Assistant U. S. Attorney
Date: 1-16-26

DANIEL ALAN VERBANEC
Defendant
Date: 1/16/26

MICHAEL DONAHOE
Defense Counsel
Date: 1/16/26